UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ariana Burton,<br><br>                  Plaintiff,<br><br>      v.<br><br>Spring Mountain Treatment Center,<br><br>                  Defendant. | Case No. 2:24-cv-00449-CDS-DJA<br><br>**Order** |

  Plaintiff Ariana Burton has submitted an application to proceed *in forma pauperis* (ECF No. 4) and a motion for appointment of counsel (ECF No. 5). Plaintiff's application has conflicting information and is incomplete. (ECF No. 4). She states that she is incarcerated at the "Las Vegas Prison" in response to question 1 but then circles that she is not incarcerated but is self employed in response to question 2. (*Id.* at 1). She then checks the box that she has received income from her self-employment in response to question 3, but lists that she has made no money in response to question 2. (*Id.*). In response to question 4, asking for the amount of money she has in a checking or savings account, Plaintiff responds, "not saying." (*Id.* at 2). In response to question 5, plaintiff asserts that her car was totaled, but the remainder of her response is illegible. (*Id.*). Plaintiff does not list her monthly expenses in response to question 6 and does not list the amounts of her debts in response to question 8. (*Id.*). Plaintiff has not fully answered the questions asked. The Court thus denies her application without prejudice.

  The Court also denies Plaintiff's motion for appointment of counsel. Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts

consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not shown exceptional circumstances for the appointment of counsel. It is not clear that Plaintiff's complaint will succeed on the merits because it has not passed screening. Additionally, Plaintiff's only argument regarding the difficulty that she has had pursuing this case is that she has no money and because she believes her case has merit. But these issues are true of every indigent litigant seeking counsel. And Plaintiff's case has not proceeded to the screening stage for the Court to determine if she is able to articulate her claims. The Court thus denies her motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **denied.** Plaintiff must file a renewed application on or before **June 10, 2024.** The Clerk of Court is kindly directed to send Plaintiff a copy of the short form non-inmate application to proceed *in forma pauperis*

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 5) is **denied.**

DATED: May 10, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE